**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH DAKOTA**
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA  57501-2463

**IRVIN N. HOYT**  
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560  
FAX (605) 224-9020

April 24, 2006

Lee Ann Pierce, Chapter 7 Trustee
Post Office Box 524
Brookings, South Dakota  57006

Patrick Dougherty, Esq.
Counsel for Debtor
Post Office Box 1004
Sioux Falls, South Dakota  57101

    Subject:  *In re Teresa J. Feucht*,
                 Chapter 7, Bankr. No. 05-41178

Dear Trustee and Counsel:

    The matter before the Court is Trustee Lee Ann Pierce's objection to Debtor's claimed homestead exemption and Debtor's response.  This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, the Trustee's objection will be sustained.

    *Summary*.  Teresa J. Feucht ("Debtor") filed a Chapter 7 petition in bankruptcy on August 15, 2005.  On her schedule of real property, she stated she owned a house in Fairview, South Dakota, in joint tenancy with her husband, who was not a co-debtor.  Debtor valued the home at $17,500 and stated there were no secured claims against it.  She also declared the Fairview home exempt as her homestead, though she listed a Canton, South Dakota, address on her petition.

    Trustee Lee Ann Pierce timely objected to Debtor's claimed homestead exemption.  Based on Debtor's testimony at her § 341 meeting that she does not live at the Fairview house nor have any intention of doing so in the future, Trustee Pierce argued Debtor's claimed homestead exemption was improper.  In her response, Debtor said she is separated from her husband and "[e]ither Debtor or her estranged husband, as citizens of South Dakota and heads of household, are entitled to a $30,000.00 homestead exemption."  As

In re Feucht
April 24, 2006
Page 2

to her testimony at her § 341 meeting, Debtor stated in her response she was attaching a letter to Trustee Pierce dated September 21, 2005. A letter from Debtor's attorney to Trustee Pierce dated October 20, 2005, was attached and it did not reference Debtor's § 341 meeting.

Both parties filed pre-hearing briefs. An evidentiary hearing was held February 7, 2006. Debtor testified she and her husband separated in April 2004, and she has not lived in the Fairview house since then, though her husband has. On the petition date, Debtor said she lived in a rented home in Canton on a month to month lease (no signed agreement).

During testimony, Debtor said she would move back into the marital home under certain circumstances, which she described as: if her husband vacated the house; if her husband died; if her husband or their adult son (who also still lived in the house) needed care; or if the couple reconciled, though reconciliation was not being discussed as of her petition date. Debtor acknowledged she said at her meeting of creditors she did not intend to live in the Fairview house again. She further testified the answer she gave at the meeting of creditors to the question about moving back to the Fairview house was based more on her mind-set that she did not intend to go back to her husband, rather than that she did not intend to go back to the house itself.

*Discussion*. The evidence presented establishes Debtor left the marital home in April 2004. She created her own household in Canton and resided there on the petition date. Though Debtor testified there were certain circumstances under which she would return to the Fairview house, none of those circumstances existed on the petition date, and none appeared on the horizon. Further, Debtor's removal from the Fairview house was not due to temporary circumstances related to her employment or health. *Compare In re Johnson*, 61 B.R. 858 (Bankr. D.S.D. 1986)(the debtor did not lose her homestead interest when she moved into a nursing home); *Smith v. Midland National Life Ins. Co.*, 234 N.W. 20 (S.D. 1930)(temporary absence from homestead for employment due to financial difficulties does not constitute an intent to abandon the homestead). Instead,

> [a]ctual removal without intention to return is a forfeiture of the homestead right. If one removes from homestead property without any present intention of returning, but with a mere possible, or at most probable future purpose to do so, contingent upon the happening or

In re Feucht
April 24, 2006
Page 3

>not happening of a particular event, the homestead is abandoned.

*Yellowhair v. Pratt*, 182 N.W. 702, 703 (S.D. 1921). Those are the circumstances presented here. Debtor abandoned her homestead interest in the Fairview house and on the petition date had no present, non contingent intention to return. Accordingly, Debtor abandoned her homestead interest in the Fairview house, and she may not claim a homestead exemption in it.

Debtor's reliance on *Crawford v. Carter*, 37 N.W.2d 241 (S.D. 1949), is misplaced. That decision stands, in part, for the proposition that one spouse may not convey or encumber a homestead without the consent of the other spouse. *Id*. at 245. Here, Debtor's departure from the Fairview house has no impact on whether her estranged husband may still declare the Fairview house his homestead.

An appropriate order will be entered.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

CC: case file (docket original; serve parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

**NOTICE OF ENTRY**
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota