**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH DAKOTA**
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**

**IRVIN N. HOYT**                                                              TELEPHONE (605) 224-0560
BANKRUPTCY JUDGE                                                                    FAX (605) 224-9020

May 1, 2006

Patrick Dougherty, Esq.
Counsel for Debtors
Post Office Box 1004
Sioux Falls, South Dakota   57101

Trustee Lee Ann Pierce
Post Office Box 524
Brookings, South Dakota   57006

  Subject:  *In re Teresa J. Feucht*,
      Bankr. No. 05-41178

Dear Counsel and Trustee:

  The matter before the Court is the *Motion to Amend Order Sustaining Trustee's Objection to Debtor's Claimed Homestead Exemption Dated April 24, 2006* ("Motion to Amend") filed by Debtor on April 25, 2005, and the objection thereto filed by Trustee Lee Ann Pierce on May 1, 2006.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and an accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, Debtor's Motion to Amend will be denied.

  *Discussion*.  Federal Rule of Bankruptcy Procedure 9023, on which Debtor relies for this Motion, incorporates Fed.R.Civ.P. 59, and in particular 59(e).  A Rule 59(e) motion serves the limited function of correcting manifest errors of law or fact or allowing the presentation of newly discovered evidence.  *United States v. Metropolitan St. Louis Sewer District*, 440 F.3d 930, 933 (8th Cir. 2006) (quotations and citations therein).  Debtor does not have new evidence to present.  Instead, she believes the Court committed a manifest error of law by concluding Debtor could abandon the family homestead without her estranged husband's consent.

  The Court did not hold and does not now hold that Debtor's estranged husband abandoned his homestead interest in the Fairview house or that he is otherwise foreclosed from protecting his homestead interest.  The Court's conclusion that Debtor may not declare a homestead exemption in the Fairview home has no impact on

In re Teresa J. Feucht
May 1, 2006
Page 2

her husband's ability to protect his homestead exemption. Accordingly, the Court has not, as argued by Debtor in her Motion to Amend, ruled contrary to *Crawford v. Carter*, 37 N.W.2d 241 (S.D. 1949).

An appropriate order will be entered.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

CC:  case file (docket original; serve parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota